UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS FRANCOIS, | CIVIL ACTION |
| VERSUS | NO. 14-338 |
| JEFFERSON PARISH, ET. AL | SECTION "C" (5) |

**ORDER AND REASONS**

This matter comes to the Court on the motion to dismiss of defendant Dr. Richard Richoux, for insufficient service of process and/or motion to set aside entry of default. Rec. Doc. 16. Defendant's motion argues that service upon him was not sufficient because the complaint and summons were delivered to a business called "Correcthealth" and signed for by an individual named "Hatfield." In his memorandum in support, defendant urges the Court to both set aside the default entered against him [Rec. Doc. 16] and further to dismiss the plaintiffs' cause of action against him without prejudice. The plaintiff has not filed an opposition to the motion. Having considered the record, the law, and the motion, the default entered should be set aside but dismissal should be denied for the following reasons.

**I. Background**

On February 13, 2014, the plaintiff filed a complaint against Dr. Rafael F. Salcedo, Dr. Richard W. Richoux ("Richoux") and Jefferson Parish, Louisiana. Rec. Doc. 3. In his complaint, the plaintiff seeks damages and the costs of a medical review panel resulting

from alleged medical malpractice committed by the defendants. *Id*. at 1-2. On February 14, 2014 the Clerk of Court issued a summons as to defendant Richoux. Rec. Doc. 4. This summons lacked an address for Richoux. *Id.* On March 6, 2014 the proof of service was filed in the record. Rec. Doc. 8. The prof of service indicates that service was conducted by a U.S. Marshal at "Correcthealth, LLC, 3384 Peachtree Road, NE, Suite 700, Atlanta GA 30326." *Id.* Additionally, the proof of service return lists the person served as "Hatfield." *Id.* However, plaintiff had moved for permission to supplement and amend his complaint in the interim between the issuance of the summons and the return of service, which was ultimately granted on March 28, 2014. Rec. Docs. 5, 7 & 12. On March 26, 2014 plaintiff filed an Ex Parte Motion for Entry of Default as to defendant Richoux. Rec. Doc. 9. The Clerk signed an Order for Entry of Default on March 27, 2014. Rec. Doc. 10. Plaintiff's subsequent Motion for Default Judgment against defendant Richoux was denied on March 1, 2014. Rec. Doc.13.

**II. Default**

The entry of default by the Clerk of Court is the first step of a two-step process to securing default judgment against an uncooperative defendant. It only requires that the plaintiff show by affidavit or otherwise that the defendant has failed to plead or defend against the claim. Fed. R. Civ. P. 55(A). Upon such showing, the Clerk of Court enters a notation of the party's default on the record; the entry is intermediate and ministerial. *See, e.g., United States v. Hansen*, 795 F.2d 35, 37 (1986) (entry of default is "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). After this

entry, the plaintiff may move either the Clerk, or the Court itself, for default judgment, depending on the nature and specificity of the remedy requested in the complaint. Fed. R. Civ. P. 55(B).

As a technical matter, a party in default must successfully petition the Court to set aside the default before proceeding to respond the allegations of a complaint. *See* Fed. R. Civ. P. 55(c); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Nevertheless, a defendant may move the Court to both set aside his default and dismiss the complaint against him in the same motion. The defendant's allegations of improper service of process do not call into question any of the complaint's well-pleaded allegations. Sufficiency of service of process bears on the validity of personal jurisdiction, and as such, the validity of the default entered, in addition to the validity of continued proceedings against the defendant. *See Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir.1988) ("There being no valid service of process, the default judgment against *Proprietors* is an absolute nullity and must be vacated."); *see also Aetna Business Credit v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434 (5th Cir. Unit A Jan. 1981) ("In the absence of valid service of process, proceedings against a party are void"). Therefore, the defendant's motion to set aside the entry of default is properly before the Court.

**III. Merits**

Examining the proof of service filed into the record, service of process made in this case was plainly insufficient under Rule 4. The returned summons indicates that it was delivered to an individual defendant "personally" by delivery "on the individual, company, corporation, etc., at the address shown above." Rec. Doc. 8. However, that "address shown above" was a business location for "Correcthealth." *Id.* The person handed the summons and complaint were not in fact the defendant named in the complaint, nor was the address listed the defendant's domicile or usual place of abode. Therefore, this does not constitute personal service under federal law, the law of Louisiana (the forum state) nor Georgia state law (the service state). *See* Fed. R. Civ. P. 4(e); La. C.C.P. Art. 1231; and Ga. Code Ann. §9-11-4(e)(7). Additionally, plaintiff had been granted permission by the court to supplement and amend his original complaint after the summons return was filed in the record. Rec. Doc. 12. Plaintiff failed to re-serve defendant with the amended complaint. Therefore, service was improper, and the defendant is due an appropriate remedy.

**IV. Relief**

The lack of adequate service on the defendant warrants setting aside the order of default entered against him. Fed. R. Civ. P. 55(c). However, these facts do not warrant dismissal of the plaintiffs' complaint either with or without prejudice. Under Rule 4(m), the district court may, but need not, dismiss a cause of action if proper service has not

4

been made within 120 days of the filing of the complaint. If there is "good cause" for the failure the court must allow the plaintiff additional time to make service. However, "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

Even with this defective service of process of the original complaint, defendant was able to file his motion to set aside the entry of default within three business days of it being entered on the docket. Additionally, plaintiff had been granted permission to amend and supplement his complaint and has not entered evidence into the record that the amended complaint has been served on defendant either. In this case, the defendant does not appear to have suffered any prejudice to his ability to defend this suit as a result of the defective attempt at service.

For those reasons, the Court will provide additional time to effect service.

Accordingly,

IT IS ORDERED that the defendant's Motion to Dismiss and/or Motion to Set Aside Entry of Default is hereby GRANTED IN PART and DENIED IN PART. Rec. Doc. 16. The order of default entered against defendant Dr. Richard Richoux is hereby SET ASIDE. Rec. Doc. 10.

IT IS FURTHER ORDERED that the plaintiff shall properly re-serve defendant no later than November 3, 2014.

New Orleans, Louisiana, this 1st day of October, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE