UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MATTHIAS FRANCOIS**      **CIVIL ACTION**

**VERSUS**      **NO. 14-338**

**JEFFERSON PARISH, ET AL.**      **SECTION "C" (5)**

**ORDER AND REASONS**

Before the Court is defendant Jefferson Parish's Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(1) or in the alternative under Rule 12(b)(6). Rec. Doc. 32. Plaintiff filed a complaint February 13, 2014 against doctors Rafael F. Salcedo and Richard W. Richoux along with Jefferson Parish. Rec. Doc. 3. Plaintiff was granted leave to Amend and Supplement his petition by Order of this Court dated March 26, 2014. Rec. Docs. 5, 7 and 12. Plaintiff's Amended Complaint added as defendants Ace American Insurance and Nautilus Insurance, allegedly the insurance carriers for Drs. Salcedo and Richoux. Rec. Doc. 7. This matter was taken under advisement on the briefs without oral argument. Based on the memorandum and opposition submitted, the record in this case and the applicable law, for the reasons that follow, defendants' motion will be GRANTED and Plaintiff's complaint as to Jefferson Parish will be DISMISSED without prejudice.

When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the jurisdictional attack under Rule 12(b)(1) should be considered first before addressing any other argument on the merits. *Hitt v. City of Pasadena*, 561 F2d 606, 608 (5th Cir. 1977) (per curiam). Such a requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

A motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) should be granted if it appears certain that the plaintiff cannot prove a valid basis for the court's exercise of jurisdiction. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering such a motion, the district court may go beyond the allegations of the complaint to consider undisputed facts in the record and resolve disputes of fact created by the record. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The party asserting jurisdiction bears the burden of proof on a motion under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Generally, the courts recognize that a *pro se* plaintiff does not have the same education and training as an attorney, and therefore grant a *pro se* plaintiff some latitude in his complaint. *Newsome v. EEOC*, 301 F.3d 227, 233 (5th Cir. 2002). However, even after a liberal reading afforded for *pro se* plaintiffs, "the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction." *Bremer v. Housing Authority of New Orleans*, 1999 U.S. Dist. LEXIS 7452, 1999 WL 298795 (E.D. La. 1999).

Mr. Francois alleges violations to his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. However, his original and amended complaints do not address these claims in any particularity. Instead, the main thrust of Mr Francois's complaint is for a claim under Louisiana's medical malpractice statute and for general tort damages such as "emotional distress" and "psychological pain and suffering" resulting from the alleged misdiagnosis. Rec. Doc. 3. Additionally, Mr. Francois has asked for the formation of a medical review panel under the Louisiana Medical Malpractice Act, La. R.S. §40:1299.41 *et seq.* These are clearly claims that arise under state law and not under the Constitution or federal laws.

Because the Court lacks subject matter jurisdiction over the Plaintiff's claims against the Defendant Jefferson Parish, the Court cannot adjudge the merits of those claims. Plaintiff's claims against Jefferson Parish will be dismissed.

Accordingly,

IT IS ORDERED that defendant Jefferson Parish's Motion to Dismiss Plaintiff's Amended Complaint is GRANTED. Rec. Doc. 32.   Plaintiff's claims against Defendant Jefferson Parish are DISMISSED without prejudice.

New Orleans, Louisiana, this 22nd  day of October, 2014

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**