## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MATTHIAS FRANCOIS**                           **CIVIL ACTION**

**VERSUS**                                       **NO.   14-338**

**JEFFERSON PARISH, ET. AL**                     **SECTION: "C" (5)**

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss  filed by Defendant Dr. Richard W. Richoux. Rec. Doc. 46. Having considered the record, the memorandum of  Defendant, and the law, the Court has determined that the Motion to Dismiss Complaint due to lack of subject matter jurisdiction, insufficient service of process, and absolute immunity or in the alternative, prematurity, is GRANTED for the following reasons.

### I. BACKGROUND

On February 13, 2014, Plaintiff, Matthias Francois, filed a complaint against Dr. Rafael F. Salcedo, Dr. Richard W. Richoux and Jefferson Parish, Louisiana. Rec. Doc. 3. In his complaint, Plaintiff seeks damages and the costs of a medical review panel resulting from alleged medical malpractice committed by the defendants. *Id*. at 1-2. Plaintiff's claims arose from an examination made by Drs. Salcedo and Richoux pursuant to a court appointment by Hon. Roy A. Cascio of the Second Parish Court for the Parish of Jefferson. *Id.* at 3. Prior to this Motion, defendants Dr. Salcedo and Jefferson Parish were both dismissed without prejudice. Rec. Docs. 27 and 41. Plaintiff was granted leave by this Court to amend his complaint and add as

defendants "Nautilus Insurance" and "ACE American Insurance Company." Rec. Docs. 7 and 12. At this time, service has not been executed as to these two defendants. Rec. Doc. 39.

On February 14, 2014 the Clerk of Court issued a summons as to Defendant Richoux. Rec. Doc. 4. This summons lacked an address for Dr. Richoux. *Id.* The summons was returned executed on March 6, 2014. Rec. Doc. 8. The summons return form indicates that service was conducted by a U.S. Marshall at "Correcthealth, LLC, 3384 Peachtree Road, NE, Suite 700, Atlanta GA 30326." *Id.* Additionally, the summons return lists the person served as "Hatfield." *Id.* On March 26, 2014 Plaintiff filed an Ex Parte Motion for Entry of Default as to Defendant Richoux. Rec. Doc. 9. The Clerk signed an Order for Entry of Default on March 27, 2014. Rec. Doc. 10. Plaintiff's subsequent Motion for Default Judgment against Defendant Richoux was denied on March 1, 2014. Rec. Doc.13.

Defendant Richoux filed a Motion to Dismiss himself due to insufficient service and to set aside the default entered against him on March 16, 2014. Rec. Doc. 16. In an Order dated October 1, 2014, this Court denied Defendant Richoux's Motion to Dismiss but granted his Motion to set aside the entry of default. Rec. Doc. 37. Additionally, the October 1, 2014 Order gave Plaintiff until November 3, 2014 to properly serve Dr. Richoux with the complaint and summons. *Id.* A Summons Returned Executed form was filed into the record on November 6, 2014. Rec. Doc. 44. The form indicates that Plaintiff requested Defendant Richoux be served at 650 Poydras Street, Suite 2315, New Orleans, Louisiana. *Id.* The form was signed by "Jeri Davila" as the individual who received service on October 29, 2014. *Id.* Dr. Richoux subsequently filed this Motion to Dismiss Complaint Pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) Based on Lack of Subject Matter Jurisdiction, Insufficient Service of Process and

Absolute Immunity, or Alternatively, Prematurity on November 18, 2014. Rec. Doc. 47.

## II. LAW AND ANALYSIS

In his Motion to Dismiss, and the accompanying memorandum, Defendant Richoux seeks to have the complaint dismissed from the suit, with prejudice, due to (1) lack of subject matter jurisdiction; (2) insufficient service of process; and (3) absolute immunity as a court-appointed expert or in the alternative, (4) as premature. Rec. Doc. 46-1.

### A. LACK OF SUBJECT MATTER JURISDICTION

Defendant Richoux argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1). Rec. Doc. 46-1 at 3. When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the jurisdictional attack under Rule 12(b)(1) should be considered first before addressing any other argument on the merits. *Hitt v. City of Pasadena*, 561 F2d 606, 608 (5th Cir. 1977) (per curiam). Such a requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

A motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) should be granted if it appears certain that the plaintiff cannot prove a valid basis for the court's exercise of jurisdiction. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).When considering such a motion, the district court may go beyond the allegations of the complaint to consider undisputed facts in the record and resolve disputes of fact created by the record. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The party asserting jurisdiction bears the burden of proof on a motion under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Generally, the courts recognize that a *pro se* plaintiff does not have the same education

and training as an attorney, and therefore grant a *pro se* plaintiff some latitude in his complaint. *Newsome v. EEOC*, 301 F.3d 227, 233 (5th Cir. 2002). However, even after a liberal reading afforded for *pro se* plaintiffs,  "the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction." *Bremer v. Housing Authority of New Orleans*, 1999 U.S. Dist. LEXIS 7452, 1999 WL 298795 (E.D. La. 1999).

Plaintiff alleges violations to his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. However, his original and amended complaints do not address these claims in any particularity. Instead, the main thrust of Plaintiff's complaint is for a claim under Louisiana's medical malpractice statute and for general tort damages such as "emotional distress" and "psychological pain and suffering" resulting from the alleged mis-diagnosis. Rec. Doc. 3. Additionally, Plaintiff has asked for the formation of a medical review panel under the Louisiana Medical Malpractice Act, La. R.S. §40:1299.41 *et seq.* These are clearly claims that arise under state law and not under the Constitution or federal laws.

Finally, there are not sufficient facts or allegations in Plaintiff's complaint to indicate that this Court might have diversity jurisdiction. Because the Court lacks subject matter jurisdiction over the Plaintiff's claims against the Defendant Richoux, the Court cannot adjudge the merits of those claims.

### B. INSUFFICIENT SERVICE OF PROCESS

Reiterating what was stated in this Court's previous Order, dated October 1, 2014, under F.R.C.P Rule 4(m), a defendant must be served a copy of the summons and complaint within 120 days of the filing of the complaint. Further, under F.R.C.P. Rule 4(e) proper service of an individual can be accomplished by: (1) following the state law for service of either the state

where the action is pending or in the state where service accomplished; (2) personally delivering

the summons and complaint to the defendant; (3) leaving the summons and complaint at the

defendant's dwelling or abode with a person of suitable age and discretion who also resides

there; or (4) delivering summons and complaint to agent for service of process. Under Louisiana

law, service on individual defendants can be either personal or domiciliary. La. C.C.P. Art. 1231.

Louisiana Code of Civil Procedure Art. 1236  does include a special provision authorizing

service on physicians to be completed with delivery upon their medical office personnel.

However this provision is only for physicians who are ***not*** parties to the action and therefore

would not apply in this case. La. C.C.P. Art. 1236.

This Court's October 1, 2014 Order directed plaintiff to re-serve Defendant Richoux by

November 3, 2014. The summons return form entered into the record shows service was

conducted by the United States Marshal on October 29, 2014, five days before the court's new

service deadline. Rec. Doc. 44. Thus, the timing of the service is not an issue. However, Plaintiff

had again directed the U.S. Marshal to serve Defendant at an address that was not his domicile.

Plaintiff directed the U.S. Marshal to serve Defendant at 650 Poydras Street, Suite 2315, New

Orleans, Louisiana. *Id.* The form was signed by "Jeri Davila" as the individual who received

service on October 29, 2014. *Id.* This address is the location of the offices of Cowan & Lemmon,

L.L.P., Defendant's counsel, not Defendant's domicile. As such, this does not constitute valid

domiciliary service.

Additionally, Defendant was not personally served with process either. Defendant avers

that neither "Jeri Davila," Thomas C. Cowan nor Cowan & Lemmon, L.L.P. were authorized to

be his agent for service of process. Rec. Doc. 46-1 at 4. Plaintiff has not provided any evidence

showing that Davila, Cowan or the law firm were agents authorized to accept service of process

for the defendant. Thus, the delivery of the summons and complaint upon "Jeri Davila" at the law

offices of Defendant's counsel did not constitute valid service on Defendant Richoux for

purposes of F.R.C.P. 4.

Without a showing of "good cause," it is at the court's discretion whether to extend the

time for service. *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 325 (5th Cir.2008) (citing

*Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996)). This Court, by order dated October 1, 2014,

has already extended the time for Plaintiff to properly re-serve Defendant Richoux once before.

Rec. Doc. 37.  Plaintiff has failed to properly serve Defendant Richoux within the extension of

time previously granted. The Court refuses to extend the time for proper service again.

Under F.R.C.P. 12(b)(5), Defendant Richoux is entitled to a dismissal of the complaint

against him for insufficient service of process.

### C. ABSOLUTE IMMUNITY

Defendant Richoux's finally argues that a dismissal of Plaintiff's complaint under

F.R.C.P. 12(b)(6) is warranted due to Defendant Richoux's absolute immunity as a court-

appointed doctor. Rec. Doc. 46-1 at 4. The basis for Plaintiff's claims against Defendant Richoux

is an opinion issued by Defendant Richoux after an examination conducted to determine

Plaintiff's competency to stand trial. Rec. Doc. 3 at 3. Defendant Richoux was appointed by

Judge Cascio of Second Parish Court in Jefferson Parish to conduct the competency

examination. *Id.*

Federal law recognizes the long tradition of granting immunity to "judges, prosecutors

and other persons acting 'under color of law' who perform official functions in the judicial

process." *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S.Ct. 1108, 1115 (1983). Other circuits have addressed the applicability of judicial immunity to court-appointed psychiatrists and psychologists. *See, e.g. Moses v. Parwatikar*, 813 F.2d 891 (8th Cir. 1987); *Miner v.* Baker, 638 F.Supp. 239 (E.D. MO. 1986); *Dolin v. West*, 22 F.Supp. 2d 1343 (M.D. FL. 1998); and *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970). While there has been no decision specifically on point form the Fifth Circuit, they have ruled that judicial immunity does not extend to private doctors who issued opinions not in anticipation of or in preparation for adjudicatory proceedings, even if those opinions were later used in an adjudicatory proceeding. *Quirk v. Mustang Eng'g*, 143 F.3d 973 (5th Cir. 1998).

Generally, when judicial immunity has been extended to court-appointed psychiatrists and psychologists conducting court-ordered examinations, it is due to these roles being defined as "quasi-judicial." *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1987). This is because conducting court-ordered competency examinations are "essential to the judicial process." *Moses*, 813 F.2d at 892. Additionally, federal courts have identified the potential consequences of not extending judicial immunity to doctors performing these court-ordered examinations: (1) the reluctance to accept court appointments in the future, thereby harming indigent defendants who rely on court-appointed psychiatrists and psychologists for their defense; and (2) the threat of civil liability would taint the overall opinion. *Id.*

While the federal case law in the Fifth Circuit has not addressed this specific issue, Louisiana state law is clear. Under La. C.C.P. Art. 373 "[a]n expert appointed by a trial court to assist it in the adjudication of a case in which his special skill and knowledge may aid the court is an officer of the court from the time of his qualification until the rendition of final judgment in

7

the case." In this way, Louisiana state law mirrors the federal judicial immunity doctrine. *S.T.J. v. P.M.*, 556 So.2d 244, 246 (La. Ct. App. 2 Cir. 1990) citing *Moore v. Taylor*, 541 So.2d 378 (La. Ct. App. 2d Cir. 1989) and *Cleveland v. State*, 380 So.2d 105 (La. Ct. App. 1st Cir. 1979). "[N]onjudicial persons appointed to fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damages arising from their performance of delegated functions." *S.T.J. v. P.M.*, 556 So.2d 244, 246 (La. Ct. App. 2 Cir. 1990). Further, court-appointed psychologists and psychiatrists "are non-judicial persons fulfilling quasi-judicial functions and are classified as officers of the court with functions intimately related to the judicial process." *Id.* at 247. Under Louisiana state law, Defendant Richoux would have absolute immunity for any claims arising out of his court-ordered examination of Plaintiff, thereby mandating the dismissal of Plaintiff's claims against him.

Defendant's alternative argument for dismissal based on prematurity is moot given the Court's decision regarding the Defendant's F.R.C.P. 12(b) motions. Accordingly,

IT IS ORDERED that the defendant's Motion to Dismiss, with prejudice, is GRANTED. Rec. Doc. 46.

New Orleans, Louisiana, this 12th day of  December, 2014.

**UNITED STATES DISTRICT JUDGE**